QUINSIGAMOND LAKE STEAMBOAT COMPANY *vs.* PHŒNIX
INSURANCE COMPANY OF BROOKLYN.

SAME *vs.* PHŒNIX INSURANCE COMPANY OF HARTFORD.

Worcester.    October 3, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Fire Insurance — Permission for Non-occupancy.*

The additional evidence introduced at the last trial of these actions, brought upon
policies of insurance against loss by fire, the defence being that there was no
permission for non-occupancy, does not materially change the aspect that they
assumed when they were last before the court, as reported in 172 Mass. 367.

TWO ACTIONS OF CONTRACT, upon policies of insurance
against loss by fire, issued by the defendants respectively in
the sum of $1,400 each, on the plaintiff's "frame building . . .
situate at Woodlawn Grove, Lake Quinsigamond, Worcester."
The answer set up, among other things, that the property was
vacated by the owner or occupant, and so remained vacant more
than thirty days without the assent of the company being pro-
cured in writing, as required by the terms of the policy.

At the close of the evidence for the plaintiff, the judge, at
the request of the defendants, directed the jury to return a
verdict for the defendants; and the plaintiff alleged exceptions.
The facts appear in the opinion.

*H. Parker,* (*W. A. Gile* with him,) for the plaintiff.

*F. B. Smith,* (*T. H. Gage, Jr. & F. F. Dresser,* with him,) for
the defendants.

KNOWLTON, J.    The additional evidence introduced at the
last trial of these cases does not materially change the aspect
that they assumed when they were last before us, which appears
in the report in 172 Mass. 367. It still appears that the action
of the board of underwriters could not change, and did not pur-
port to change, the contracts between the plaintiff and the de-
fendants. It was merely permissive, intended to give authority
to insurance companies to continue insurance on the property
while the building remained vacant, on terms that were not

permitted before. There was no dealing or communication between the plaintiff and the defendants' agents in regard to it. There was nothing on which to found an estoppel against the defendants, for neither the defendants nor their agents knew that the plaintiff was relying, if it did rely, on the supposed consent of the defendants that the building should remain vacant without affecting the insurance. There was no privity between the plaintiff and the defendants in reference to the action of the board of underwriters, and neither of them was affected by it, except as they were relieved from a rule that previously limited the right of the companies to continue policies on unoccupied buildings without charging an additional premium. The ruling that there was no evidence which would warrant verdicts for the plaintiff was correct.                  *Exceptions overruled.*